IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HILLER, LLC, | ) |
| | ) |
|     Plaintiff/Counter-Defendant, | ) |
| | ) Case No. 3:17-cv-00743 |
| v. | ) |
| | ) |
| SUCCESS GROUP INTERNATIONAL | ) |
| LEARNING ALLIANCE, LLC, | ) |
| REBECCA CASSEL, AND | ) |
| CLOCKWORK IP, LLC, | ) |
| | ) |
|     Defendants/Counter-Claimants. | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR DISTRICT COURT ATTORNEY FEES AND COSTS**

**ORDER GRANTING PLAINTIFF'S MOTION FOR APPELLATE COURT ATTORNEY FEES**

Before the Court is Plaintiff Hiller, LLC's ("Hiller") Motion for Attorney Fees and Costs, filed April 12, 2019. ("District Court Fees Motion", ECF No. 262.) Also before the Court is Hiller's Motion for Attorney Fees, filed October 30, 2020. ("Appellate Fees Motion," ECF No. 319.) For the following reasons, Plaintiff's District Court Fees Motion is **DENIED** and Plaintiff's Appellate Fees Motion is **GRANTED**.

**I.    Background**

Plaintiff Hiller brought this case for infringement under the Copyright Act against Defendants Success Group International Learning Alliance, LLC ("SGILA") and Rebecca Cassell ("Cassel") on April 24, 2017. (ECF No. 1.) Defendants SGILA and Cassell filed a counterclaim against Hiller for declaratory judgement, asserting that they were joint creators of

the training materials at issue. (See generally, ECF No. 37.) Intervenor Clockwork IP ("Clockwork") also brought a counterclaim against Hiller and sought to intervene in the case on the theory that it was the "owner of the intellectual property that Hiller claims has been infringed" by Defendants SGILA and Cassel. (ECF No. 44 at PageID 903.) The Court determined that intervention was appropriate under Federal Rule of Civil Procedure 24(a)(2). (ECF No. 70 at PageID 1068.)

The Court adopts the Sixth Circuit's summary of the proceedings in this case:

The district court conducted a jury trial over the course of seven days in March of 2019. The jury heard testimony from (among others) Jimmy Hiller, Sr., Rebecca Cassel, Janice Horne, and Clockwork's vice president of training, Lance Sinclair. The jury reviewed the [customer service training guide for HVAC technicians], the [training manuals copyrighted by Clockwork] and the allegedly infringing Success Group workbook. The jury concluded that Hiller had a valid copyright in the [customer service training guide] and that the Success Group workbook copied protected elements of the [customer service training guide]. The jury rejected Clockwork's request for declaratory relief invalidating Hiller's copyright. Clockwork moved for a judgment notwithstanding the verdict, which the district court denied."

Hiller, LLC v. Success Group Int'l, LLC, 976 F.3d 620, 625 (6th Cir. 2020).

On appeal, the Sixth Circuit affirmed, noting that the "jury reasonably concluded that Hiller created enough original material to gain copyright protection, and the district judge correctly instructed the jury that the [customer service training guide's] incorporation of some Clockwork-copyrighted content did not invalidate Hiller's copyright in the [g]uide's original parts." Id. at 623.

## II. Legal Standard

"A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). Such a motion must "specify the judgment and the statute, rule, or

other grounds entitling the movant to the award," "state the amount sought or provide a fair estimate of it," and "disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B).

Under the Copyright Act, it is within the court's discretion to award reasonable fees to the "prevailing party." 17 U.S.C. § 505. In Fogerty v. Fantasy, Inc., the Supreme Court rejected the notion that fees should be awarded as "a matter of course," noting instead that "[t]he automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion." 510 U.S. 517, 533 (1994). In making this discretionary inquiry, courts "should give substantial weight to the objective reasonableness of the losing party's position." Kirtsaeng v. John Wiley & Sons, Inc., 136 S.Ct. 1979, 1983 (2016). "But the court must also give due consideration to all other circumstances relevant to granting fees; and it retains discretion, in light of those factors, to make an award even when the losing party advanced a reasonable claim or defense." Id. These other non-exclusive factors include "frivolousness, motivation, objectiveness unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at 1985 (quoting Fogerty, 510 U.S. at 534. Furthermore, "objective reasonableness can be only an important factor in assessing fee applications—not the controlling one." Id. at 1988.

Section 505 is further limited by § 412 of the Copyright Act, which provides that "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for: (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C § 412.

### III. ANALYSIS

#### a. *The § 412 Bar Does Not Apply*

As an initial matter, the Court addresses Clockwork's argument that "Hiller did not register its copyright before the alleged infringement started, thereby making it ineligible for attorneys' fees in this action under Section 412 of the Copyright Act." (ECF No. 324 at PageID 20912.) Hiller accepts that this statutory bar applies with respect to its claims against Defendants SGILA and Cassell. (See ECF No. 296 at fn. 2.) However, it claims that it is entitled to fees against Clockwork, against whom "this statutory limitation does not apply." (Id.) Clockwork correctly asserts that "it is undisputed that Hiller's copyright was not registered for almost two years after infringement allegedly began[.]" (ECF No. 324 at PageID 20914.) According to Clockwork, the lack of registration "trigger[s] Section 412's bar on Hiller's ability to obtain attorney's fees pursuant to Section 505." (Id.) Clockwork further agues that "Hiller's motion simply presumes that — although it is barred from obtaining fees from Defendants — it can nevertheless somehow obtain them from Clockwork." (Id.)

In its reply, "Hiller does not dispute that Section 412 prohibits an award of attorney fees against *Defendants* who infringed the copyright in the Technician's Guide prior to the effective date of the registration." (ECF No. 326 at PageID 20940.) However, it asserts that such bar does not apply against Clockwork, "who voluntarily intervened into Hiller's case with Defendants to claim ownership and invalidity of Hiller's copyright works[.]" (Id.) Additionally, the parties agree that "[n]either party has found a case where the requested fees were barred" in cases against an intervenor not accused of infringement. (Id. at PageID 20941.) In other words, the question presented before the Court is whether the commencement of an action for copyright infringement triggers the § 412 bar against all parties, or if the bar is limited to the party against whom infringement is asserted. Clockwork argues that "[i]t is beyond clear

that a plaintiff cannot avoid the bar on attorneys' fees in this lawsuit just because a counterclaim is made that the copyright is invalid or owned by a counterclaimant, and again, Hiller offers no case ever awarding such fees and Clockwork's counsel has searched and can find none." (ECF No. 324 at PageID 20914.)

In this instance, the Court is tasked with addressing a seemingly novel issue regarding the § 412 bar, and relies on Sixth Circuit guidance regarding the "commencement" of infringement, along with the plain language of § 412, and historical notes to the statute. In Johnson v. Jones, the Sixth Circuit expressed that "[u]nder § 412, statutory damages and attorney's fees are reserved for infringers who had constructive notice that the work was covered by a valid copyright." 149 F.3d 494, 505 (6th Cir. 1998). The court in Johnson further recited that "[f]irst and foremost, Congress intended that § 412 provide copyright owners with an incentive to register early and often." Id. at 505. Accordingly, "Section 412(1) is designed to ensure that an **infringer** of an unpublished work will be subject to the punitive effects of §§ 504(c) and 505 only if the infringer had constructive notice that the work was protected by a valid copyright." Id. (emphasis added). The historical and revision notes that accompany § 412 provide that "section 412 would deny any award of the special or 'extraordinary' remedies of statutory damages or attorney's fees where infringement of copyright in an unpublished work began before registration or where, in the case of a published work, infringement commenced after publication and before registration (unless registration has been made within a grace period of three months after publication)." House Rep. No. 94-1476. In accordance with the plain text of the statute, the legislative notes, and pertinent authority, this Court finds that Hiller's claims for attorneys' fees are not barred with respect to Clockwork.

### b. *Hiller is Not Entitled to Fees from the District Court Litigation*

Hiller asks this Court to grant an award of attorneys' fees from Clockwork in the amount of $654,621, along with costs in the amount of $40,934.01. (ECF No. 296 at PageID 14039.) Hiller asserts that it is entitled to fees and costs in this case because: 1) Clockwork was "motivated by an attempt to monopolize a system or process for service calls, not the expression of that system"; 2) "Clockwork's claim of ownership was frivolous as there is no basis in either law or fact for any assertion of ownership by Clockwork"; 3) "Clockwork [*sic*] took objectively unreasonable litigation positions"; 4) "[C]onsiderations of compensation deterrence support an award of fees"; and 5) Award of fees would further the purposes of the Copyright Act. (Id. at PageID 14043–44.)

In accordance with the guidance provided by Kirtsaeng, this Court considers the "objective reasonableness" of the losing party's position, along with factors such as frivolousness, motivation, and the considerations of compensation and deterrence. 136 S.Ct. at 1983–85. "When [a party] has advanced a reasonable, yet unsuccessful position, an award of attorney fees to the prevailing [party] generally does not promote the purposes of the Copyright Act." Bridgeport Music, Inc. v. Diamond Time, Ltd., 371 F.3d 883, 895 (6th Cir. 2004).

The Court is unconvinced by Hiller's claim that "Clockwork's overreaching attempt to use copyright law to control the systems, processes, and procedures used by Hiller technicians in service calls is an improper motivation and weighs in favor of an award of fees to Hiller." (ECF No. 296 at PageID 14047.) Hiller points to alleged admissions by Clockwork's corporate representative, who admitted that Clockwork was "concerned that Hiller, a competitor, follows the same *process* or *system* of teaching a service call for the industries in the home services." (Id. at PageID 14044.) This is not the smoking gun that Hiller makes it out to be. In fact, the testimony

from Clockwork in the trial, including that by Jocelyn Silvio, Rebecca Cassel, Vicki Lind, and Janice Horne, was directed toward the use of existing Clockwork content in the Technician's Guide. (See ECF No. 268 at PageID 11657 (citing March 7, 2019 Trial Tr.).) Furthermore, as noted by Clockwork, "Lance Sinclair produced Clockwork materials from classes Hiller attended, and through side-by-side comparisons demonstrated that many pages in the Technician's Guide were taken from the Clockwork content, including massive scripts of hundreds of words each." (Id. (citing March 8, 2019 Trial Tr.).) The Court finds a lack of evidence of improper motivations on the part of Clockwork in the district court litigation.

The Court further finds that Clockwork's position that Hiller was not authorized to access SGILA materials was objectively reasonable. Clockwork reiterates that "the [SGILA] agreement with Clockwork did not give [SGILA] the right to create or own derivative works incorporating Clockwork material, and [SGILA] could certainly not sublicense any such right." (Id. at PageID 11660.) Accordingly, Clockwork's argument was that "Hiller's use of Clockwork material in the Technician's Guide" was improper. (Id.) This is well within the realm of objective reasonableness. For example, Clockwork asserts that its "core claim has been that Hiller's copyrights in the four manuals (and at trial, the Technician's Guide) it claimed to own and upon which it sued SGILA and Cassel were invalid because they were unauthorized derivative works of Clockwork preexisting materials." (Id. at PageID 11661.) This much does not seem to be meaningfully disputed by Hiller, who instead focuses on a theory of "systems" that the Court rejected in its Order Denying Plaintiff's Motion for Summary Judgment; Denying Intervenor Clockwork's Motion for Summary Judgment. ("Summary Judgment Order", ECF No. 198.) In its Summary Judgment Order, the Court addressed similar arguments and ruled as follows:

> Hiller is correct that the Copyright Act does not allow copyright protection for a system. 17 U.S.C. 102(b). That does not, however, prevent Clockwork from

> having copyright protection for tangible expressions of that work such as graphs, powerpoints, diagrams, and other images. Oracle Am., Inc. v. Google Inc., 750 F.3d 1339, 1366 (Fed. Cir. 2014). The materials Clockwork Referenced are tangible expressions that could be eligible for copyright protection. **Hiller's framing that Clockwork is attempting to assert a copyright on the entire system instead of specific expressions of that system is incorrect.**

(ECF No. 198 at PageID 10040.)

The Court rejects Hiller's efforts to relitigate an issue that was disposed of on summary judgment, and finds that the record is clear that Clockwork's positions were legally and factually supported, and therefore objectively reasonable.

Hiller also asserts that Clockwork's ownership claim was frivolous and that "despite citing dozens of ownership cases during briefing on declaratory judgment jurisdiction, Clockwork has never cited a single case on point[.]" (ECF No. 296 at PageID 14047.) Clockwork maintains that its position was simply that "[i]n addition to the fact that Hiller's copyrights in the manuals were invalid as unauthorized derivative works, the content in them was so overwhelmingly authored by/owned by Clockwork that Clockwork should be considered the owner of the Technician Guide." (ECF No. 268 at PageID 11665.) The Court sees no reason to relitigate this issue; the evidence in the record does not support the claim that this assertion was "frivolous."

Similarly, awarding fees here does not advance the goals of the Copyright Act. Clockwork did not act in such a way during the district court litigation that its conduct needs to be deterred or prevented. "Considerations of compensation and deterrence under the Copyright Act are inextricably intertwined with the reasonableness or frivolousness of the parties' positions and their motivations in litigating the dispute." Ducks Unlimited, Inc. v. Boondux, LLC, Case No. 2:14-cv2885, 2018 WL 1249912 (W.D. Tenn. Mar. 9, 2018). "A party that advances reasonable, good-faith positions should not be deterred from doing so, even if ultimately unsuccessful, because such claims or defenses help define the scope and limits of copyright protection." Id. (citing Donald

Frederick Evans and Associates, Inc. v. Continental Homes, Inc., 785 F.2d 897, 916 (11th Cir. 1986)).

Giving substantial weight to the objective reasonableness of the losing party's position, along with other relevant circumstances such as the frivolousness of claims, the Court finds that awarding fees would not promote the Copyright Act's aims of "encouraging and rewarding authors' creations while also enabling others to build on that work." Kirtsaeng, 136 S.Ct. at 1986. Accordingly, Hiller's District Court Fees Motion is **DENIED**.

### c. *Hiller is Not Entitled to Costs from the District Court Litigation*

The Copyright Act provides the following provision that governs costs in this case:

> In any civil action under this title, the court ***in its discretion may allow the recovery of full costs*** by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505 (emphasis added).

In Rimini Street, Inc. v. Oracle USA, Inc., the Supreme Court clarified that "[i]n copyright cases, § 505's authorization for the award of 'full costs' therefore covers only the six categories specified in the general costs statute" based on the discretion of the district court. 139 S.Ct. 873, 875 (2019). Here, Hiller requests costs in the amount of $40,934.01, and "submits that the costs are narrowly-tailored to the costs identified in the general cost statutes, consisting entirely of (i) fees of the Clerk and (ii) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; and (iii) fees for the costs of making copies of materials where the copies are necessarily obtained for use in the case." (ECF No. 296 at PageID 14062.)

Hiller asserts that "[u]ntil very recently, the Sixth Circuit allowed the prevailing party in an action arising under the Copyright Act to recover its full 'taxable' expenses as a matter of course [] [*sic*] under 17 U.S.C. § 505 or Fed. R. Civ. P. 54(d)(1). See, e.g., Coles v. Wonder, 283 F.3d

798, 801–02 (6th Cir. 2002) (discussing taxable costs and non-taxable costs separately)." (ECF No. 296 at PageID 14062.) This is, however, an incorrect citation of the law. Federal Rule of Civil Procedure 54(d)(1) provides:

> (1) *Costs Other Than Attorney's Fees*. Unless a **federal statute**, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law.

Fed. R. Civ. P. 54(d)(1) (emphasis added).

In other words, Rule 54(d) authorizes costs as a matter of course *unless* there is a governing statute providing otherwise. Here, the Copyright Act is the relevant federal statute that governs costs. While it is true that the Sixth Circuit applying the pre-Rimini standard allowed for "full" expenses, it was *not* as a matter of course. In fact, the Coles Court reviewed the district court's evaluation of the same factors discussed in this Order — namely, whether the losing party's claims were frivolous, what they were motivated by, and whether they were objectively reasonable. See Coles, 283 F.3d at 803. "Such fees are subject to the discretion of the trial court and should be based upon the factors listed in the district court's order, such as, frivolousness of the claim, motivation, reasonableness, and deterrence." Id. at 804. This is further reiterated by the Supreme Court in Rimini Street. 139 S.Ct. at 875 ("The Copyright Act gives federal district courts discretion to award 'full costs' to a party in copyright litigation.")

Here, the Court reiterates the analysis provided in part III.b of this Order, and **DENIES** Hiller's Motion for Costs.

### d. *Hiller is Entitled to Fees from the Appellate Proceedings*

In its Appellate Fees Motion, Hiller "submits that it is entitled under 17 U.S.C. § 505 to its reasonable attorney fees on appeal in the amount of $151,609 plus interest, in addition to the

fees and costs set forth in connection with Hiller's motion for District Court fees." (ECF No. 320 at PageID 20705.) The Court applies the same legal standards as those discussed in part II of this Order.

On the appellate fee issue, the Court is more persuaded by Hiller's arguments. Perhaps most importantly, "Hiller's defense on appeal vindicated the rights of subsequent users to adapt, recast, or transform the unprotectable matter in prior works." (Id. at PageID 20707.) As stated by Hiller, its "victory at the trial court would be meaningless if it merely surrendered its copyright rather than litigating invalidity on appeal." (Id.) The Court thus agrees that "Hiller's appeal furthered the purpose of the Copyright Act by preserving the delicate balance between incentivizing authors' creation and enabling progress by subsequent creators to build upon prior works." (Id. at PageID 20708.) In its opinion, the Sixth Circuit panel provided helpful guidance for future litigants, particularly regarding derivative works and distinctions between unprotectable and protectable works:

> [T]he jury reasonably found that Hiller maintained a valid copyright in the Guide, which would extend copyright protection to the Guide's original content (for example, the original passages described in the previous section) but would not cover the content taken from the Manuals.
>
> Clockwork argues that Hiller's unauthorized incorporation of Clockwork-copyrighted material should completely invalidate Hiller's copyright in the Guide. Clockwork bases that argument on the section of the Copyright Act that grants an author the exclusive right to create derivative works.…
>
> However, even if the jury determined that the Guide is a derivative work, Hiller would still retain its copyright in any discrete parts of the Guide that were not copied from the Manuals.…
>
> Accordingly, the jury reasonably concluded that Hiller had copyright protection over any original parts of the Guide that did not incorporate copyright-protected content from the Manuals.

Hiller, 976 F.3d at 628.

The Sixth Circuit also affirmed this Court's jury instructions, noting:

> [B]ecause the Guide contains discrete parts, some of which are clearly not based on protected elements in the Manuals, the district court properly instructed the jury that it could find that Hiller maintained a copyright in some parts of the Guide even if other parts [were] copied from the Manuals without authorization.

Id. at 630.

Hiller asserts that its decision to incur the fees on appeal and vindicate its rights and "the rights of those who would build upon the ideas of others" entitles it to attorneys' fees because it furthers the purpose of the Copyright Act. (ECF No. 320 at PageID 20710.) The Court agrees.

While Hiller takes issue with the volume of arguments put forth by Clockwork on appeal, it is conclusory in stating that such positions were "unreasonable." (ECF No. 320 at PageID 20712.) Upon review of the record, the Court does not find anything objectively unreasonable in Clockwork's arguments on appeal. That "Clockwork did not limit its appeal to a few, legal issues that could have been directly and succinctly briefed" and instead "appealed the proverbial 'kitchen's sink'" does not mean that its positions were unreasonable or frivolous. (Id.) Nonetheless, the Supreme Court in Kirtsaeng emphasized that "in any given case a court may award fees even though the losing party offered reasonable arguments (or, conversely, deny fees even though the losing party made unreasonable ones)." Kirtsaeng, 136 S.Ct. at 1988. "For example, a court may order fee-shifting because of a party's litigation misconduct, whatever the reasonableness of his claims or defenses" or "may do so to deter repeated instances of copyright infringement or overaggressive assertions of copyright claims, again even if the losing position was reasonable in a particular case." Id. at 1988–89.

12
Case 3:17-cv-00743   Document 328   Filed 08/06/21   Page 12 of 14 PageID #: 20965

Here, "Hiller was in the position of declaratory defendant, not plaintiff" and "persisted and vindicate[d] its rights and the rights of those that would build upon the ideas encompassed in preexisting materials." (ECF No. 320 at PageID 20712.) In other words, seeing this case through appeal is *strongly* in furtherance of the goals of the Copyright Act. Furthermore, the Court agrees with Hiller that "[a]n award of appellate fees would deter Clockwork and other owners of preexisting works from attempting to stifle the creative efforts of those that would build and improve on the ideas, systems, and processes of owners of preexisting materials." (Id. at PageID 20713.) In assessing Hiller's Appellate Fees Motion under the totality of the circumstances, the Court finds that Hiller is entitled to attorneys fees for the appellate proceedings.

The party applying for fees bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates, and should exercise billing judgment for hours worked, along with records kept in a sufficiently detailed manner that will enable the court's review. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). This calculation is typically done via the lodestar method, which is "'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Ne. Ohio Coal. For the Homeless vs. Husted, 831 F.3d 686, 702 (6th Cir. 2016) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). Indeed, this presents "[t]he most useful starting point for determining fee." Hensley, 461 U.S. at 433. Thus, the lodestar method is comprised of two components—reasonable hours and a reasonable hourly rate.

Hiller "seeks an award compensating Hiller for 361.1 hours spent in connection with the appeal, including 36.9 hours in connection with this [Appellate Fees Motion]." (ECF No. 320 at PageID 20714.) Clockwork "takes no issue with the rates of Hiller's attorneys, [but finds]

that the hours are excessive." (ECF No. 324 at PageID 20924.) Upon review of the billing records provided, the Court finds that the fees and costs requested by Hiller in its Appellate Fees Motion are both reasonable and represent only those hours that a reasonable attorney would have believed to be reasonably expended in pursuit of success at the time when the work was being performed. Ne. Ohio Coal, 831 F.3d at 708 (internal citation omitted); see also Gonter v. Hunt Valve Co., Inc., 510 F.3d 610, 620 (6th Cir. 2007) ("district court's decision to exclude altogether the time spent litigating the fee petition thus contradicts Sixth Circuit precedent").

## IV. CONCLUSION

For the foregoing reasons, Hiller's District Court Fees Motion is **DENIED** and Hiller's Appellate Fees Motion is **GRANTED**. Accordingly, Hiller is awarded an attorney fee of $151,609 plus interest. The parties shall submit a Joint Calculation of Judgment to be effective September 1, 2021, including breakdowns for withheld funds and interest owed on withheld fund, computed in accordance with this Order.

**IT IS SO ORDERED**, this 6th day of August, 2021.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT COURT JUDGE